UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION

| | |
|---|---|
| EMILY STAKELY | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    Case No.: 0:24-cv-00096-DLB-EBA |
| | ) |
| ZAAL VENTURES, INC., | ) |
| | ) |
|       Defendant. | ) |

## ANSWER

Defendant, Zaal Ventures, Inc. ("Zaal"), by counsel, and for its Answer to the Complaint, filed by Emily Stakely ("Plaintiff"), ECF No. 1, states as follows:

### I. PARTIES

1. Zaal lacks knowledge or information sufficient to form a belief about Plaintiff's citizenship and residence and denies the remaining averments of this paragraph.

2. Zaal admits that Plaintiff purports to bring this action against Zaal pursuant to the Fair Labor Standards Act ("FLSA") and Kentucky Wage and Hour Law and denies the remaining averments of this paragraph.

3. Zaal admits that Plaintiff provided services to Zaal and denies the remaining averments of this paragraph.

4. Denies.

5. Denies.

6. Zaal admits that the entity Zaal Ventures, Inc. is not registered to do business with the Secretary of State of Kentucky.

1

7. Zaal denies that it employs or contracts with individuals to provide services in Kentucky.

8. Zaal denies that that it engages or was engaged in substantial comings and business activities in the Commonwealth of Kentucky.

9. Admits.

10. Admits.

11. Admits.

12. Denies.

## II.    VENUE AND JURISDICTION

13. Zaal admits that Plaintiff provided services for Zaal between April 25, 2023 and June 29, 2023. Zaal denies the remaining averments of this paragraph.

14. This paragraph consists of legal conclusions to which no answer is required.

15. This paragraph consists of legal conclusions to which no answer is required.

16. This paragraph consists of legal conclusions to which no answer is required. To the extent that this paragraph is deemed to contain allegations of fact, Zaal denies them.

## III.    FACTUAL ALLEGATIONS

17. Zaal admits that U.S. Ghost Adventures provides haunted ghost tours in cities throughout the United States. Zaal denies the remaining averments of this paragraph.

18. Admits.

19. Admits.

    a. Admits.

    b. Admits.

    c. Admits.

20. Admits.

21. Zaal admits that it contracts with independent contractors to provide services for Zaal and denies the remaining averments of this paragraph.

22. Zaal admits that it contracts with independent contractors to provide services for Zaal and denies the remaining averments of this paragraph.

23. Zaal admits that it entered an Independent Contractor Agreement with Plaintiff effective April 10, 2023, and that Plaintiff interviewed with Zaal to perform tasks consistent with the Review Coordinator role. Zaal denies the remaining averments of this paragraph.

24. Zaal admits that Plaintiff performed services and worked on projects consistent with a Project Coordinator role. Zaal denies the remaining averments of this paragraph.

25. Zaal admits that Zaal started the process of transitioning Plaintiff to a Recruiting and Hiring Manager position. Zaal denies the remaining averments of this paragraph.

26. Zaal admits that it has listed certain employee positions on Indeed.com, including for Review Coordinator, Project Coordinator, and Recruiting and Hiring Manager, and may have listed them as W2 positions depending on the role. Zaal denies the remaining averments of this paragraph.

27. Zaal admits that it never paid Plaintiff as a W2 employee.

28. Zaal admits that Plaintiff provided services to Zaal as an independent contractor.

29. Zaal admits that Plaintiff entered an Independent Contractor Agreement with Zaal and denies the remaining averments of this paragraph.

30. Zaal avers that the referenced Independent Contractor Agreement speaks for itself. Zaal admits that the Independent Contractor Agreement contains certain statements and covenants:

      a. Zaal admits that the Independent Contractor Agreement contains the language quoted in this paragraph;

      b. Zaal admits that the Independent Contractor Agreement contains the language quoted in this paragraph;

      c. Zaal admits that the Independent Contractor Agreement contains the language quoted in this paragraph;

      d. Zaal admits that the Independent Contractor Agreement provides that Plaintiff would provide certain services for Zaal as an independent contractor;

      e. Zaal admits that the Independent Contractor Agreement contains a Covenant Not to Compete or Solicit provision, the terms of which speak for themselves.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

35. Zaal admits that Zaal discussed potential entitlement to benefits when it discussed transitioning Plaintiff to a Recruiting and Hiring Manager position. Zaal denies the remaining averments of this paragraph.

36. Zaal lacks knowledge or information sufficient to form a belief about the averments of this paragraph.

37. Admits.

38. Admits.

39. Zaal admits that it contracted with Plaintiff to provide certain services for Zaal pursuant to an Independent Contractor Agreement. Zaal denies the remaining averments of this paragraph.

40. Zaal admits that it directed and guided Plaintiff on the requirements of projects assigned to Plaintiff. Zaal denies the remaining averments of this paragraph.

41. Zaal admits that it contracted with Plaintiff to provide certain services for Zaal pursuant to an Independent Contractor Agreement. Zaal denies the remaining averments of this paragraph.

42. Denies.

43. Denies.

44. This paragraph consists of legal conclusions to which no answer is required. To the extent that this paragraph is deemed to contain allegations of fact, Zaal admits them.

45. Admits.

46. Admits.

47. Denies.

48. Zaal admits that Lance Zaal is the CEO of Zaal. Zaal lacks knowledge or information sufficient to form a belief about the truth of the remaining averments of this paragraph.

    a. Zaal avers that the reference email, if it exists, speaks for itself.

49. Zaal admits that Human Resources Director Marcus Sanchez sent an email to Plaintiff, dated May 31, 2023, which includes in part the statement Plaintiff alleges in this paragraph. The referenced email speaks for itself.

50. Zaal lacks knowledge or information sufficient to form a belief about the averments of this paragraph.

    a. Zaal lacks knowledge or information sufficient to form a belief regarding the specifics of what Plaintiff may have said or asked and the basis for her question, if she asked one.

    b. Zaal admits that employees and independent contractors, including Plaintiff, were required to use an application, called Time Doctor, to track their work hours. Zaal lacks knowledge or information sufficient to form a belief regarding the specifics of what its Chief HR Officer may have responded to Plaintiff during the conversation alleged in this paragraph.

    c. Zaal lacks knowledge or information sufficient to form a belief regarding the specifics of what Plaintiff may have said during the conversation alleged in this paragraph.

    d. Zaal admits that Josef Kruger supervised Plaintiff with respect to assignment to projects and completion of assigned projects. Zaal lacks knowledge or information sufficient to form a belief regarding the specifics of what its Chief HR Officer may have responded to Plaintiff during the conversation alleged in this paragraph.

    e. Admits.

    f. Zaal admits that is still working for U.S. Ghost Adventures but denies the remaining averments of this paragraph.

51. Zaal admits that Plaintiff had a meeting with Joosef Kruger and Marcus Sanchez on June 27, 2023, and that the three discussed Plaintiff's transition to a W2 position and Plaintiff's questions and concerns regarding that transition. Zaal denies Plaintiff's characterization of the purpose of the meeting and the remaining averments of this paragraph.

a. Zaal admits that Kruger discussed with Plaintiff the implications for her transition to W2 position. Zaal lacks knowledge or information sufficient to form a belief about the accuracy of the quoted language and denies the remaining averments of this paragraph.

b. Zaal lacks knowledge or information sufficient to form a belief about the specifics of what Kruger said to Plaintiff during the conversation alleged in this paragraph. Zaal denies Plaintiff's characterization of the statements attributed to Kruger and denies the remaining averments of this paragraph.

c. Zaal lacks knowledge or information sufficient to form a belief about the specifics of what Kruger said to Plaintiff during the conversation alleged in this paragraph. Zaal denies Plaintiff's characterization of the statements attributed to Kruger and denies the remaining averments of this paragraph.

d. Zaal lacks knowledge or information sufficient to form a belief about the specifics of what Mr. Kruger may have said to Plaintiff during the conversation alleged in this paragraph. Zaal denies Plaintiff's characterization of the statements attributed to Kruger and denies the remaining averments of this paragraph.

e. Zaal admits that Plaintiff expressed that she did not understand the difference between employee and independent contractors. Zaal denies Plaintiff's characterization of the remaining averments of this paragraph.

f. Admits.

    g. Zaal admits that Plaintiff stated that she has consulted the IRS in connection with her classification. Zaal lacks knowledge or information sufficient to form a belief about the truth of the remaining averments of this paragraph.

    h. Zaal lacks knowledge or information sufficient to form a belief about the specifics of what Mr. Kruger may have said to Plaintiff during the conversation alleged in this paragraph. Zaal denies Plaintiff's characterization of what Kruger may have said and the remaining averments of this paragraph.

    i. Zaal lacks knowledge or information sufficient to form a belief about the specifics of what Kruger may have said to Plaintiff during the conversation alleged in this paragraph. Zaal denies Plaintiff's characterization of what Kruger may have said and the remaining averments of this paragraph.

    j. Zaal admits that Kruger discussed the difference between being an independent contractor and a W2 employee during the conversation alleged in this paragraph. Zaal denies Plaintiff's characterization of Kruger's alleged statements and the remaining averments of this paragraph.

    k. Zaal denies Plaintiff's characterization of the statement she alleges she made in this paragraph and denies the remaining averments of this paragraph.

    l. Zaal lacks knowledge or information sufficient to form a belief about the specifics of what Kruger may have said to Plaintiff during the conversation alleged in this paragraph. Zaal denies Plaintiff's characterization of what Kruger said and did at the end of the alleged conversation and the remaining averments of this paragraph.

52.     Denies.

53. Zaal admits that on June 29, 2023, Human Resources Director, Marcus Sanchez, emailed Plaintiff and stated in the email that Plaintiff would be terminated effective immediately. The email referenced in this paragraph speaks for itself.

   a. Zaal admits that the referenced email contains in part the language quoted in this paragraph.

   b. Zaal admits that the referenced email contains in part the language quoted in this paragraph.

   c. Denies.

   d. Denies.

   e. Zaal admits that the referenced email contains in part the language quoted in this paragraph.

54. Zaal admits that Plaintiff provided certain services for Zaal between April 17, 2023 and June 29, 2023.

55. Zaal lacks knowledge or information specific to form a belief about the truth of the averments of this paragraph. Zaal denies that Plaintiff was paid on a salary basis for the duration of her work for Zaal as an independent contractor or employee.

   a. Zaal admits that calculation of weekly pay is correct based upon a $42,000 salary. Zaal denies the remaining averments of this paragraph.

   b. Zaal admits that calculation of hourly pay is correct based upon a $42,000 salary. Zaal denies the remaining averments of this paragraph Denies.

56. Denies.

57. Admits.

58. Zaal denies that Plaintiff was required to incur or pay job-related expenses to provide the services Plaintiff was contracted to provide for Zaal.

59. Zaal lacks knowledge or information sufficient to form a belief about whether Plaintiff incurred any expenses relating to the services she performed for Zaal. Zaal admits that it did not reimburse Plaintiff for any such expenses.

60. Zaal admits that Plaintiff was paid as an independent contractor and was responsible for taxes and withholdings. Zaal denies the remaining averments of this paragraph.

61. Denies.

62. Zaal admits that it classified Plaintiff as an independent contractor. Zaal denies the remaining averments of this paragraph.

    a. Admits

    b. Zaal admits that it has not paid unemployment insurance in Kentucky and did not pay unemployment insurance in Kentucky in connection with Plaintiff's provision of services to Zaal as an independent contractor.

    c. Zaal admits that it did not pay workers' compensation insurance in Kentucky in connection with Plaintiff's provision of services to Zaal as an independent contractor. To the extent that this paragraph alleges that Zaal did not have workers' compensation insurance coverage that covered individuals who provided services for Zaal, Zaal denies it.

    d. Zaal admits that it has not paid employee taxes in Kentucky and did not pay employee taxes in Kentucky in connection with Plaintiff's provision of services to Zaal as an independent contractor.

63. Denies.

## COUNT I: FLSA MISCLASSIFICATION

64. Zaal incorporates by reference its answers to the foregoing paragraphs.

65. Denies.

66. Denies.

67. Denies.

68. Denies.

69. Denies.

70. Denies.

71. Denies.

## COUNT II: KENTUCKY WAGE AND HOUR LAW MISCLASSIFICATION

72. Zaal incorporates by reference its answers to the foregoing paragraphs.

73. Denies.

74. Denies.

75. Denies.

76. Denies.

77. Denies.

78. Denies.

79. Denies.

80. Denies.

81. Denies.

## COUNT III: FLSA NON-PAYMENT OF OVERTIME

82. Zaal incorporates by reference its answers to the foregoing paragraphs.

83. Zaal admits that Plaintiff provided services for Zaal as an independent contractor for more than forty hours in one or more workweeks.

84. Zaal admits that it did not pay a premium for hours Plaintiff worked in excess of forty hours for Zaal as an independent contractor.

85. Zaal denies that Plaintiff was paid on a salary basis for the duration of her work for Zaal as an independent contractor or employee.

86. Zaal admits that it did not give Plaintiff credit for overtime for hours Plaintiff worked in excess of forty hours for Zaal as an independent contractor.

87. Denies.

88. Denies.

## COUNT IV: KENTUCKY NON-PAYMENT OF OVERTIME

89. Zaal incorporates by reference its answers to the foregoing paragraphs.

90. Zaal admits that Plaintiff provided services for Zaal as an independent contractor for more than forty hours in one or more workweeks.

91. Zaal admits that it did not pay a premium for hours Plaintiff worked in excess of forty hours for Zaal as an independent contractor.

92. Zaal denies that Plaintiff was paid on a salary basis for the duration of her work for Zaal as an independent contractor or employee.

93. Zaal admits that it did not give Plaintiff credit for overtime for hours Plaintiff worked in excess of forty hours for Zaal as an independent contractor.

94. Denies.

95. Denies.

## COUNT V: WRONGFUL DISCHARGE

96. Zaal incorporates by reference its answers to the foregoing paragraphs.

97. This paragraph consists of legal conclusions to which no answer is required.

98. This paragraph consists of a statement of public policy and legal conclusions to which no answer is required.

99. Denies.

100. Denies.

101. Denies.

102. Denies.

103. Denies.

104. Denies.

105. Denies.

106. Denies.

107. Denies.

## COUNT VI: RETALIATION

108. Zaal incorporates by reference its answers to the foregoing paragraphs.

109. Denies.

110. Denies.

111. This paragraph consists of a statement of public policy and legal conclusions to which no answer is required.

112. Denies.

113. Denies.

114. Denies.

115. Denies.

116. Denies.

117. Denies.

118. Denies.

119. Denies.

## COUNT VII: TIMELY PAYMENT OF WAGES

120. Zaal incorporates by reference its answers to the foregoing paragraphs.

121. This paragraph consists of legal conclusions to which no answer is required.

122. Denies.

123. Denies.

124. Denies.

125. Denies.

## PRAYER FOR RELIEF

This unnumbered paragraph, including subparts a-f, consists of Plaintiff's prayer for relief for Counts I to VII, to which no answer is required. To the extent that this paragraph is deemed to contain allegations of fact, Zaal denies them.

Zaal denies all allegations of fact that are not expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to Plaintiff's Complaint, Zaal sets forth the following affirmative and other defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to allege facts that she was misclassified as an independent contractor under the FLSA or Kentucky Wage Payment Law.

3. Plaintiff is barred, in whole or in part, by Plaintiff's failure to adhere to the applicable statute of limitations, required time period for asserting claims, and/or other statutory or other provisions of law.

4. Plaintiff's claims should be dismissed, in whole or in part, because she has failed to meet the jurisdictional or administrative or other prerequisites or conditions precedent for maintaining all or part of this lawsuit, including, but not limited to, her duty to conciliate or exhaust available administrative or internal remedies.

5. Plaintiff is barred or estopped from any claims, in whole or in part, created as a result of her conduct, or lack thereof.

6. Plaintiff was the first to breach the parties' agreement, and therefore Zaal is excused from any performance.

7. Plaintiff violated applicable law by recording conversations with representatives of Defendant without their consent.

8. Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

9. Plaintiff suffered no actual damages as a result of Zaal's practices and, as a result, the imposition of statutory damages would be punitive in nature and violate Zaal's due process rights.

10. If Zaal is found to have committed any statutory violations, liquidated and/or punitive damages should not be awarded because Zaal acted in good faith and had reasonable grounds for believing it was not violating the FLSA or Kentucky's Wage Payment Law.

11. Any damages awarded to Plaintiff are barred by the after-acquired evidence doctrine.

12. All actions taken with regard to Plaintiff were taken in good faith, for reasonable and legitimate business reasons, and were based on nonretaliatory factors wholly unrelated to Plaintiff's alleged reports of misclassification.

13. Plaintiff's claims should be dismissed, in whole or in part, because there was no causal connection between events alleged in her Complaint and any damages which Plaintiff allegedly suffered.

14. To the extent Plaintiff seeks to recover attorneys' fees, Plaintiff has failed to state facts sufficient or a claim to support the award of attorneys' fees. Zaal reserves the right to challenge any award of attorneys' fees as unreasonable.

15. Zaal expressly reserves the right to assert additional defenses, counterclaims, or any other claims it may deem appropriate after further proceedings in this case.

WHEREFORE, for the above reasons, Zaal respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, and award other such relief as is just and proper.

Respectfully submitted,

ZAAL VENTURES, INC.

*/s/ Derrick T. Wright*
Derrick T. Wright
Sturgill, Turner, Barker & Moloney, PLLC
333 West Vine Street, Suite 1500
Lexington, KY 40507
Telephone No.: (859) 255-8581
Facsimile No.: (859) 231-0851
dwright@sturgillturner.com

Frederick H. Schutt, Of Counsel
Woods Rogers Vandeventer Black, PLC
901 East Byrd Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 237-8800
Email: fred.schutt@woodsrogers.com
(*Pro Hac Vice* admission pending)
COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I certify that on April 17, 2025 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice to all counsel of record registered to receive electronic filings.

      */s/ Derrick T. Wright*
      COUNSEL FOR DEFENDANT