**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION**

*Filed Electronically*

| | |
|---|---|
| EMILY STAKELY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 0:24-cv-00096-DLB-EBA |
| ) | |
| ZAAL VENTURES, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Plaintiff Emily Stakely sued Defendant Zaal Ventures, Inc. ("Zaal") claiming in part that Zaal misclassified her as a contractor and failed to pay her wages and overtime for all hours she worked. Zaal has now tendered complete relief to Stakely for her alleged claims for unpaid wages and overtime. Because Stakely can recover no additional relief for her wage claims through further litigation, a live case or controversy no longer exists, and such claims are now moot. Accordingly, Stakely's wage claims should be dismissed with prejudice pursuant to Rule 12(b)(1). *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2013) (holding that FLSA action was properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because it was rendered moot when the named plaintiff's individual claim became moot).

**I.   ZAAL PROVIDED STAKELY WITH ALL OF THE RELIEF SHE CONCEIVABLY COULD RECOVER IN CONNECTION WITH HER CLAIMS FOR UNPAID WAGES AND OVERTIME.**

   **A.   Stakely's Wage Allegations**

Stakely alleges that she worked for Zaal from April 17, 2023 to June 29, 2023—a period of ten (10) weeks and three (3) days. (Compl. ¶54). According to Stakely she was misclassified as an independent contractor during the entire period of her work for Zaal. (Compl. ¶¶27-28, 62).

Stakely alleges that she was paid at an hourly rate of $20.19 and that she worked approximately 52-54 hours per week but was not paid overtime. (Compl. ¶¶55-57). Zaal required Stakely to use a time log application to monitor her daily time. (Compl. ¶38).

Based on those allegations, Stakely asserts claims against Zaal under both the Fair Labor Standards Act ("FLSA") and the Kentucky Wage and Hour Act ("KWHA"), Ky. Rev .Stat. § 337.285. In Counts III and IV of the Complaint, Stakely alleges that Zaal violated the FLSA and KWHA, respectively, by failing to pay her overtime wages for hours she worked in excess of 40 hours in a workweek. (Compl. ¶¶ 82-88, 89-95). In Count VII, Stakely alleges that Zaal failed to timely pay her for all wages owed, including overtime, in violation of Ky. Rev. Stat. § 337.020. (Compl. ¶¶ 120-25). Counts III, IV, and VII, are herein referred to collectively as the "Wage Claims."

### B.     Zaal Tendered Payment to Stakely for Full Relief of Her Wage Claims.

Zaal denies that it misclassified Stakley or that it failed to pay her wages she was due for any hours she worked. In fact, according to Stakely's Time Doctor reports, which include the hours Stakely worked based on the times she clocked in and out of work, Stakely worked a total of 452.48 hours between April 5, 2023 and June 26, 2023.[1] Stakely's Time Doctor Reports are attached hereto as Exhibit 1. Even assuming Stakely worked all those hours over a ten (10) week period,[2] her average weekly overtime would have been fewer than five (5) hours—or significantly fewer than she alleges. (Compare Ex. 1 to Compl. ¶ 56).

---

[1] Stakely's relationship with Zaal was terminated effective June 29, 2023; however, Stakely did not perform any work for Zaal after June 26.

[2] Stakely worked for Zaal for parts of 12 workweeks. (*See* Ex. 1).

2

Nonetheless, while Zaal denies that Stakely is entitled to overtime pay and contends that Stakely's own time records disprove her claims, Zaal paid Stakely the amount of $10,000.00, on June 27, 2025, to satisfy the maximum possible amount that Stakely could recover for her Wage Claims. Zaal made the payment to Stakely by direct deposit to her checking account, and a copy of a receipt confirming the deposit is attached hereto as Exhibit 2.

Zaal's tendered payment to Stakely constitutes the maximum relief she could obtain for her Wage Claims because it exceeds any amount she could receive for her Wage Claims, which Zaal calculated based on the allegations in her Complaint (without regard for the time records that refute her claims).

Specifically, Zaal multiplied 14 hours of overtime, by 10 full weeks of work, at a rate of $30.29 per hour of overtime,[3] to equal $4,240.60. It then doubled that amount, to $8,481.20, to account for liquidated damages Stakely could potentially recover under the FLSA or KWPA. *See* 29 U.S.C. § 216 (b); Ky. Rev. Stat. § 337.385(1). To that amount, Zaal then applied 6% interest, compounded annually, for the two (2) years between when Stakely last worked for Zaal. That calculation equals $9,529.48. Finally, to ensure that the payment more than covered any small, additional interest amounts that Stakely could have received, Zaal rounded the payment up to $10,000.00.[4]

---

[3] Based on an annual salary of $42,000, Stakely's hourly pay rate was $20.19, which multiplied by 1.5, equals $30.29.

[4] For example, Zaal made its first payment to Stakely on April 25, 2023. Rather than calculating exact interest owed from that date, and from the other pay dates, Zaal calculated interest over two years that have passed since she last worked for Zaal. Any additional interest amounts would total significantly less than the $470.52 difference between Zaal's payment ($10,000.00), and the amount of potential damages it calculated based on Stakely's allegations ($9,529.48).

3

Because Stakely could not secure relief in excess of $10,000.00 for her Wage Claims, Zaal has tendered full relief to Stakely. Thus, with its payment, Zaal removed any ongoing case or controversy associated with Stakely's Wage Claims and mooted them.

## II. THE COURT SHOULD DISMISS STAKELY'S WAGE CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1).

### A. With No Case or Controversy, Stakely's Claim Is Moot.

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies[.]" *Genesis Healthcare*, 569 U.S. at 71 at (internal quotations and citations omitted). "When later events have eliminated the plaintiff's injury or made it impossible for the court to grant relief, the case has become moot and a court must dismiss it." *Davis v. Colerain Twp., Ohio*, 51 F.4th 164, 174 (6th Cir. 2022) (citation omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis HealthCare*, 569 U.S. at 72 (internal quotation and citation omitted); *see also Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558 (6th Cir. 2021) ("If the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, then the case is moot and the court has no jurisdiction.") (internal quotation and citation omitted).

The mootness doctrine dictates that "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997).

> Mootness arises when a plaintiff receives all the relief she requested or could receive in the case. *Alvarez v. Smith*, 558 U.S. 87, 92–94, 130 S.Ct. 576, 175 L.Ed.2d 447 (2009). Once whole, a plaintiff lacks a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested [judicial] relief.' *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315,

4

> 82 L.Ed.2d 556 (1984). She also lacks the necessary "'personal stake in the outcome' of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). When a plaintiff does not stand to gain from a judicial decision, the decision enters the forbidden territory of advice. *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895).

*Jarrett v. United States*, 79 F.4th 675, 678 (6th Cir. 2023); *see also Malone v. Portfolio Recovery Assocs., LLC*, 308 F.R.D. 518, 521 (W.D. Ky. 2015) ("If the plaintiff loses his personal stake during the proceedings, making it impossible for the court to grant any effectual relief whatever, the action must be dismissed as moot.") (internal quotation and citations omitted).

Mooting claims is possible in wage cases. For example, in *Wesley v. Accessible Home Care*, a court in this district granted a defendant's motion to dismiss an FLSA case as moot where it determined that defendant's offer of judgment was "more than sufficient to compensate [plaintiff] for" the amount she could have been owed based on her allegations and defendant's records of her hours worked. 2018 WL 6424691, at *1 (E.D. Ky. Dec. 6, 2018). And while Kentucky courts have not decided the issue with respect claims under the KWHA, it is well established that Kentucky courts will follow FLSA precedent where the federal law mirrors the state version, as it does here. *See, e.g.*, *In re Amazon.com, Inc., Fulfillment Ctr. Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*., 852 F.3d 601, 615 (6th Cir. 2017) ("Where the KWHA's regulations are 'substantially similar to' their federal equivalents, and there is no state case law on point, the Kentucky Supreme Court relies on federal decisions to aid in their application.") (*quoting City of Louisville, Div. of Fire v. Fire Serv. Managers Ass'n*, 212 S.W.3d 89, 95 (Ky. 2006)); *see also Clark v. Teamsters Loc. Union 651*, 349 F. Supp. 3d 605, 619 (E.D. Ky. 2018) ("The overtime provisions of the FLSA and Kentucky wage and hour laws are analogues and analyzed in the same manner.") (*citing City of Louisville,* 212 S.W.3d at 92).

### B. Zaal Tendered Stakely with Actual Payment.

There should be no doubt that with its direct deposit of $10,000.00 into Stakely's account, Zaal tendered actual payment to Stakey for an amount that exceeds any amount she could recover from continuing to litigate her Wage Claims. *See* Ex. 2; Section II.B *supra*. Actual payment is very different from a rejected settlement offer or offer of judgment, which may not moot an action. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666 (2016) ("When a plaintiff rejects such an offer - however good the terms - her interest in the lawsuit remains just what it was before."). That should be especially true in this district where offers of judgment "may moot a plaintiff's claim under certain circumstances." *Wesley*, 2018 WL 6424691, at *1 (citations omitted).

In any event, contrasting an offer of judgment at issue in *Campbell-Ewald* to cases where the parties actually received payment fully satisfying their claims, the Supreme Court observed that an offer of judgment or settlement is legally different than actual payment because, in the former situation, the plaintiff has not received the money. *Id.* at 671 (citing *California v. San Pablo & Tulare R.R. Co.*, 149 U.S. 308 (1893); *Little v. Bowers*, 134 U.S. 547 (1890); *San Mateo County v. Southern Pacific R.R. Co.*, 116 U.S. 138 (1885)). Both the concurring and the dissenting opinions in *Campbell-Ewald* indicated that *actual payment* would moot a case because the plaintiff would have received full relief, though that precise issue was not before the Court for resolution. *See id.* at 676 (Thomas, J., concurring) ("Because Campbell-Ewald only offered to pay Gomez's claim but took no further steps, the court was not deprived of jurisdiction."); *Id.* at 684 (Alito, J., dissenting) ("I am heartened that the Court appears to endorse the proposition that a plaintiff's claim is moot once he has 'received full redress' from the defendant for the injuries he has asserted.").

Here, Stakely has received actual payment to fully satisfy her Wage Claims because Zaal tendered payment to Stakely via direct deposit to her checking account. (Ex. 2). With the deposit, Zaal provided Stakely with cash-in-hand satisfaction of the relief she demands, similar to a cashier's check. *See, e.g.*, *Leyse v. Lifetime Ent. Servs., LLC*, 171 F. Supp. 3d 153, 156 (S.D.N.Y. 2016), *aff'd*, 679 F. App'x 44 (2d Cir. 2017) (stating that court would issue judgment in plaintiff's favor and close case brought under the Telephone Consumer Protection Act despite plaintiff's objections once defendant deposited the full amount in controversy with the court); *S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. CV 15-13069-PBS, 2016 WL 1441791, at *5 (D. Mass. Apr. 12, 2016) (holding that plaintiff "no longer ha[d] the requisite 'live claim' where defendant had "offered to deposit a check with the court" to satisfy plaintiff's individual claims) (internal quotation omitted); *see also Price v. Berman's Auto., Inc.*, No. 14-763-JMC, 2016 WL 1089417, at *2 (D. Md. Mar. 21, 2016) (stating that "payment in the form of a cashier's check" could grant "full relief" to plaintiff's claims because the "funds were guaranteed by the issuing bank" and thus a judgment "would thus be of no additional value to Plaintiffs, because there is no legitimate risk of non-payment and no other foreseeable circumstance under which the Court might need to enforce the judgment.").

Unlike a rejected settlement offer or offer of judgment, a claim is moot where, as here, an unconditional payment of a party's entire loss renders the party unable to ask for any additional recovery upon a finding of liability. *Beatley v. Ayers*, 851 F. App'x 332, 336 (4th Cir. 2021) (unpublished per curiam) (holding that mid-litigation payment of full amount owed mooted breach of contract claim); *Berman's Auto,* 2016 WL 1089417, at *3; *cf.*, *Campbell-Ewald*, 136 S. Ct. at 684 (Alito, J., dissenting) ("Today's decision thus does not prevent a defendant who actually pays complete relief - either directly to the plaintiff or to a trusted intermediary - from seeking dismissal

7

on mootness grounds."). Therefore, having received unconditional payment on her FLSA and KWHA claims, Stakely's Wage Claims are moot.

### C. Stakely Is Not Entitled to Attorneys' Fees.

Any argument that Stakely could potentially recover attorneys' fees and costs does not prevent Zaal from mooting her wage claims. It is well established that "[a]n 'interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" *Roe v. Snyder*, No. 17-1605, 2018 WL 8343834, at *1 (6th Cir. Dec. 10, 2018) (*quoting Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990)). More importantly, there is no entitlement to attorney's fees on an FLSA claim in the absence of a judgment favorable to the plaintiff, which cannot result from a moot claim.

The FLSA states that, "in addition to any judgment awarded to the plaintiff," for unpaid overtime compensation, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, by its express terms, "[t]he FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012); *Buckhannon Board & Care Home, Inc. v. West Virginian Department of Health and Human Services*, 532 U.S. 598 (2001).

> [B]y the plain language of the statute and our precedent addressing nearly identical statutory language, **there is no question that the FLSA requires a favorable judgment before a plaintiff becomes entitled to attorney fees.** . . . Here, the judgment simply states: "[i]t is hereby ordered and adjudged that plaintiff takes nothing and the case is dismissed." As we said in *Stomper*, "a judgment reading 'Plaintiffs shall take nothing by their complaint' is still a judgment." 27 F.3d at 319. But "[t]hat is not a judgment 'awarded to' the plaintiff[ ]; it is a judgment suffered by the plaintiff[ ]." *Id*. Without a judgment in his favor, Fast's claim for fees fails.

8

*Fast v. Cash Depot, Ltd.*, 931 F.3d 636, 640–41 (7th Cir. 2019) (emphasis added). In *Fast*, the court concluded that "because the district court never entered a favorable judgment for [plaintiff], it correctly declined to award him attorney fees." Thus, without a judgment on her FLSA claim, Zaal's payment to Stakely moots the claim without consideration of attorneys' fees. And, because Kentucky law does not provide that a judgment must be entered to render her KWHA claims moot or contradict the FLSA's provision that attorneys' fees are contingent on a judgment, Stakely's state law claims should be dismissed for the same reasons her federal wage claims are moot. *See In re Amazon.com*, 852 F.3d at 615.

As Zaal has tendered full and complete relief to Stakely for the full damages she claimed, in addition to liquidated damages and interest, her FLSA and KWHA claims for unpaid wages and overtime are moot. And without any judgment in her favor, she is not entitled to attorneys' fees on the mooted claims.

### III.   CONCLUSION

Zaal denies that Stakely is entitled to the relief she seeks in her Wages Claims. Nonetheless, for the aforementioned reasons, Zaal requests that this Court enter an Order dismissing her FLSA Claim (Count III) and KWHA (Count IV and VII) with prejudice, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) as these claims are now moot.

Respectfully submitted,

ZAAL VENTURES, INC.

*/s/ Derrick T. Wright*
Derrick T. Wright
Sturgill, Turner, Barker & Moloney, PLLC
333 West Vine Street, Suite 1500
Lexington, KY 40507
Telephone No.: (859) 255-8581
Facsimile No.: (859) 231-0851
dwright@sturgillturner.com

9

&

Leah M. Stiegler, Principal
Frederick H. Schutt, Of Counsel
Woods Rogers Vandeventer Black, PLC
901 East Byrd Street, Suite 1600
Richmond, Virginia 23219
Telephone:  (804) 237-8800
Email:  leah.stiegler@woodsrogers.com
           fred.schutt@woodsrogers.com
(admitted *Pro Hac Vice*)
COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I certify that on June 27, 2025 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice to all counsel of record registered to receive electronic filings.

                                         */s/ Derrick T. Wright*
                                         COUNSEL FOR DEFENDANT