UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

*Filed Electronically*

| | |
|---|---|
| EMILY STAKELY　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　Plaintiff,　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| v.　　　　　　　　　　　　　　　　) | Case No.: 0:24-cv-00096-DLB-EBA |
| 　　　　　　　　　　　　　　　　　) | |
| ZAAL VENTURES, INC.,　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　Defendant.　　　　　　　　　) | |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

In her Opposition, Plaintiff strains to argue why Zaal Ventures, Inc's ("Zaal") direct payment to Plaintiff did not deprive the Court of jurisdiction over her Wage Claims (Claims III, IV, and VII). She claims that discovery is needed but does not dispute that Zaal's direct payment more than accounted for *all* of the hours Plaintiff has alleged she worked. Plaintiff's objection to Zaal's use of "unverified" Time Doctor reports is a red herring because Zaal did not use the reports to calculate the direct payment; it calculated the payment solely based on Plaintiff's allegations in her Complaint. (*See* ECF No. 20-1 at 2-3).

Plaintiff further claims that Zaal's failure to include attorneys' fees in its payment precludes mootness but fails to explain why protracted litigation certain to result in more and more legal fees is appropriate where Plaintiff has received everything that she could recover from her Wage Claims. Further, the Supreme Court of the United States has ruled that attorneys' fees alone do not create a case or controversy. For those reasons, the Court should dismiss Plaintiff's Wage Claims, which will have no effect on her surviving claims.

I.      **Defendant's Motion to Dismiss Was Timely Filed.**

Plaintiff's argument that Zaal forfeited its right to file this Motion when it filed its Answer (ECF No. 21 at 2) ignores Rule 12's provision that "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12 (h)(3). Courts routinely dismiss cases under Rule 12(b)(1) after an answer is filed. *See, e.g.*, *Johnson v. Mo's TBJ Campbell LP*, No. 5:21-CV-01621-EJD, 2021 WL 4846855, at *2 (N.D. Cal. Oct. 18, 2021) (rejecting Plaintiff's argument that Rule 12(b)(1) motion was untimely after answer was filed as "entirely meritless, as Rule 12(h)(3) prolongs the deadline for moving to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)") (citations omitted). It is well established that "[o]bjections to subject-matter jurisdiction . . . may be raised at any time." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). Here, Zaal filed its Motion as soon as Zaal's payment to Plaintiff rendered her Wage Claims moot.

II.     **Lack of Discovery Has No Bearing on Zaal's Motion Because Zaal's Payment Is Based on Plaintiff's Allegations, Not Zaal's Records**.

Plaintiff's next argument that discovery is necessary before the Court determines that Zaal's payment mooted her claims is likewise meritless. On this point, Plaintiff objects to the Time Doctor reports, which Zaal attached as Exhibit 1 to its Memorandum in Support of its Motion to Dismiss (ECF No. 20-2) as unverified and heavily redacted.[1] (*See* ECF 21 at 2-3). Plaintiff misses, however, that Zaal calculated the amount of the direct payment to Plaintiff based solely on the most generous possible reading of the allegations in Plaintiff's Complaint—not the time doctor reports. (*See* ECF 20-1 at 2-3; Compl., ¶¶ 27-28, 54, 55-57, 62). Plaintiff alleged exactly what she believed that she was owed. Zaal provided the Time Doctor records to show that the time Plaintiff

---

[1] Zaal redacted only the names and hours worked of other employees on the Time Doctor reports. Zaal did not redact any information related to Plaintiff.

was logged into her computer was significantly less than what she alleged in her Complaint—further demonstrating that any discovery would only result in a reduction of Zaal's payment.

Nonetheless, having received more compensation than she could have received for her Wage Claims based on her allegations and applicable law, the Court should be sure that extensive discovery to determine the exact number of hours Plaintiff worked is not necessary and dismiss the Wage Claims. *See Wesley v. Accessible Home Care*, 2018 WL 6424691, at *1 (E.D. Ky. Dec. 6, 2018).

Plaintiff's related argument that Zaal made an "insufficient calculation" (ECF 21 at 9-13) fails for the same reason. Importantly, Plaintiff does not allege how the payment itself was insufficient. Instead, she only asserts that more documents and information are needed from Zaal. Without a "showing that additional discovery would be worthwhile," the Court should be assured that Zaal's payment was sufficient. It is Plaintiff's burden to provide affidavits or other evidence to demonstrate that there still exists subject matter jurisdiction (*i.e.,* some relief this Court could provide her beyond what she alleged that Zaal owed her, which was certainly significantly greater than her time records). *Orozco v. Borenstein*, 2012 WL 3762408, at *2-4 (D. Ariz. Aug. 29, 2012) (granting motion to dismiss FLSA claims even though plaintiff had requested additional discovery because plaintiff has "made no showing that, if given the opportunity, additional discovery would produce evidence supporting the requisite jurisdictional facts").

    **III.**    **Zaal Did Not Need Plaintiff's Consent to Moot Her Wage Claims.**

Plaintiff argues that this Court should not consider Zaal's payment because she did not "consent" to the payment. (ECF No. 21 at 5-6). This argument, though, contradicts the threshold requirement that every claim needs a "live case or controversy" because, here, the controversy has been resolved. Plaintiff alleged exactly what she believed Zaal owed her. Zaal paid her in full, plus

liquidated damages and interest. *Rueling v. MOBIT LLC*, 2018 WL 3159726, at *5 (D. Ariz. June 28, 2018) ("Based on the allegations in the Complaint, the Court concludes that $5,000 satisfies Plaintiff's FLSA claim, including her request for liquidated damages. Plaintiff has not established that the Court can award her any additional relief on her FLSA claim. Therefore, the Court concludes that Plaintiff's FLSA claim is moot because there is no longer a live case or controversy regarding this claim.").

A plaintiff does not have the sole power to decide when her claim is resolved; rather, the claim is resolved when there is no more controversy and when this Court cannot provide her any further relief. *Am. Cas. Co. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) ("A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries."); *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir.1987) ("Our conclusion that this case is not justiciable answers a question ... whether a plaintiff who is offered all the relief he demands may refuse the offer and go to trial. The answer is no."). There is no further relief, under applicable law that Plaintiff can obtain on her Wage Claims or that this Court could award her. Allowing further litigation—discovery, depositions, briefing, a trial, etc.—on her Wage Claims would be a significant waste of resources.

### IV.   Plaintiff's Real Argument Is About Attorneys' Fees.

Given that Plaintiff cannot disprove that what she received is more than what she alleged that she was owed, and that she undisputably received liquidated damages and interest, any remaining controversy here is about one thing: attorneys' fees. An "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) (*Diamond v. Charles*, 476 U.S. 54, 70-71 (1986)). As stated in Zaal's Memorandum in Support of its Motion to Dismiss,

4

Congress wrote the FLSA in such a way that a plaintiff is only entitled to attorneys' fees after "a favorable judgment"—not after she receives payment in full. (ECF 20-1 at 8-9 (citing cases))

Even if this Court finds that Zaal's payment did not moot her Wage Claims because she still seeks attorneys' fees on those claims, further litigation through trial is unnecessary and is a counterintuitive way to proceed, especially when issues related to attorneys' fees can be resolved in a separate motion. *See* Orozco, 2012 WL 3762408, at *5; *see also Pridemore v. Colter Elec. LLC*, 668 F. Supp. 3d 874, 880–81 (D. Ariz. 2023) (noting that FLSA's authorization of recovery of "reasonable attorney's fees" . . . "may not include all (or even any) of the fees incurred after the rejection" of the defendant's payment of the unpaid wages).

> Respectfully submitted,
>
> ZAAL VENTURES, INC.
>
> /s/ Derrick T. Wright
> Derrick T. Wright
> Sturgill, Turner, Barker & Moloney, PLLC
> 333 West Vine Street, Suite 1500
> Lexington, KY 40507
> Telephone No.: (859) 255-8581
> Facsimile No.: (859) 231-0851
> dwright@sturgillturner.com
>
> &
>
> Leah M. Stiegler, Principal
> Frederick H. Schutt, Of Counsel
> Woods Rogers Vandeventer Black, PLC
> 901 East Byrd Street, Suite 1600
> Richmond, Virginia 23219
> Telephone: (804) 237-8800
> Email: leah.stiegler@woodsrogers.com
>         fred.schutt@woodsrogers.com
> (admitted *Pro Hac Vice*)
>
> COUNSEL FOR DEFENDANT

5

## **CERTIFICATE OF SERVICE**

I certify that on August 31, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice to all counsel of record registered to receive electronic filings.

*/s/ Derrick T. Wright*
COUNSEL FOR DEFENDANT
