UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:24-CV-00096-EBA

EMILY STAKELY,                                                          PLAINTIFF,


V.                                          **ORDER**


ZAAL VENTURES, INC.,                                                   DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Emily Stakely's motion for a roughly three-month extension of time to the discovery and dispositive motions deadlines. [R. 35]. As cause, she indicates that she has been unable to schedule and complete all necessary discovery because of recent revelations at two depositions that occurred in late March 2026, which she contends necessitates additional discovery, including depositions and other supplemental discovery requests. [*Id.*]. Defendant Zaal Ventures (Zaal) argues that Stakley's motion should be denied because: (i) her second set of discovery requests were untimely; (ii) she has not demonstrated good cause for the extension, and has not explained how any of those discovery topics are anything but harassment and a "delay tactic"; and (iii) Stakely did not attempt to confer with it under Local Rule 37.1 prior to filing the present motion. [R. 37]. Stakely filed a reply wherein she thoroughly outlined her reasons for seeking each requested discovery topic and her efforts to move forward in discovery. [R. 39]. The matter is now ripe for review.

Rule 16 gives this Court the power to create a scheduling order and, in turn, establish discovery deadlines. FED. R. CIV. P. 16(b). The Court enjoys "broad discretion" when overseeing discovery, fashioning deadlines, and determining the scope of discovery.

*Waters v. City of Morristown*, 242 F.3d 353, 363 (6th Cir. 2001); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). Under Rule 16(b)(4), a scheduling order "may be modified only for good cause" and with the Court's consent. FED. R. CIV. P. 16(b)(4). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F.App'x. 296, 306 (6th Cir. 2014) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).

Stakely's motion will be granted because she has demonstrated good cause under Rule 16. First, Zaal argues that the discovery requests served on March 30, 2026, were untimely because they were not served by a date "calculated to secure a response by and compliant with" the April 6, 2026, discovery deadline. [R. 37 at pgs. 6–7]. It is true that the Rules provide that answers to discovery requests are due within 30 days of service, FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A), meaning that those answers would be due several weeks after the current discovery deadline. [R. 31]. However, Stakely submits that she served this second set of discovery requests because of information derived from the depositions of Lance Zaal and Josef Kruger, which did not occur until late March 2026. [*See* R. 34; R. 36]. Given that those depositions did not occur until two weeks before the discovery deadline because of Zaal's apparent scheduling conflicts, it would be unreasonable to bar Stakely from propounding discovery to obtain potentially relevant information. Zaal has not demonstrated that it would suffer any prejudice from having to answer these requests, and its conclusory statement that Stakely did not learn any new information at those depositions, [R. 37 at pg. 6], is unavailing.

Second, regarding the deposition of former Zaal employee Marcus Sanchez, Stakely indicates that she did not learn of the true nature of his departure from Zaal until April 1, 2026,

and she has since made efforts to contact him for purposes of conducting a deposition. [R. 39 at pgs. 6–7; R. 39-8]. Additionally, in the depositions of Lance Zaal and Josef Kruger, Stakely indicates that they essentially deferred some of their answers to Sanchez. [R. 39 at pg. 7]. Stakely submits that this deposition testimony revealed the significance and relevance of Sanchez's testimony in this case, and once aware of the potential import of Sanchez's testimony, Stakely made reasonable efforts to locate him. [*Id.* at pgs. 6–7; R. 39-8]. She has thus demonstrated good cause on this issue. And while Zaal argues that this issue is now moot because Stakely has Sanchez's contact information, [R. 37 at pg. 7], that argument is inapposite because Stakely still intends to depose him, and she will need more time to do so.

Third, regarding the deposition of Zaal employee Kristen Pollock, the parties' communications seem to indicate that there was relatively consistent back and forth to determine an acceptable deposition date. [*See, e.g.*, 39-2 at pg. 3; 39-5 at pgs. 1, 3; 39-7 at pg. 1]. Those correspondences thus indicate that Stakely did make reasonable efforts to depose Pollock, and Zaal's argument that it believed Stakely agreed that Pollock's deposition was unnecessary is unpersuasive in light of those emails. [*See* R. 39-3 at pgs. 6–8]. Moreover, to the extent Zaal contends that Pollock's testimony is potentially duplicative, Stakely nonetheless has a right to conduct discovery on potentially relevant matters. FED. R. CIV. P. 26(b)(1); *RPM Freight Sys., LLC v. K1 Express, Inc.*, Case No. 21-11964, 2023 WL 2933208, at *4 (E.D. Mich. Apr. 13, 2023) (noting that discovery materials "are not duplicative merely because they are consistent with other information already obtained").

Finally, Zaal makes two additional arguments, both of which are unpersuasive. First, Zaal argues that Stakely did not sufficiently comply with the meet and confer requirement of Local Rule 37.1. [R. 37 at pgs. 10-11]. But Local Rule 37.1's meet and confer requirement clearly

contemplates discovery *disputes*, [*Compare* LR 37.1, *with* FED. R. CIV. P. 37(a)], and Stakely's motion merely seeks an extension of time to conduct additional discovery. In other words, although certainly encouraged, there is no requirement that a party meet and confer with an opposing party prior to moving for an extension of a discovery deadline under the Local Rules. Second, Zaal argues that the information on which Stakely wants to conduct discovery is irrelevant. [R. 37 at pgs. 8–10]. But Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant . . . and proportional," FED. R. CIV. P. 26(b)(1), and it is well settled that "relevance" is construed broadly. *See, e.g.*, *Schnatter v. 247 Grp., LLC*, 343 F.R.D. 325, 329–330 (W.D. Ky. 2022). Stakely has clearly articulated the relevance and import of the materials she would seek should her motion be granted, [*See* R. 39 at pgs. 6–10], so at least at this juncture, Zaal's argument is unpersuasive. To the extent Zaal is served discovery that it does not believe falls within the bounds of Rule 26, it may object accordingly under the Rules.

Accordingly, having considered the matter, and being sufficiently advised,

**IT IS ORDERED** that Stakely's motion for an extension of time, [R. 35], is **GRANTED**. The deadlines set by this Court's Scheduling Order, [R. 19], and subsequent Orders, [R. 25; R. 31], are vacated to the extent set forth below.

1. All discovery, including expert discovery, shall be completed by **July 1, 2026**.

2. The parties shall have up to and including **August 1, 2026**, by which to file dispositive and *Daubert* motions.

3. Requests to modify any dates or deadlines established by this order shall be submitted upon motion filed prior to expiration of the deadline in question, and upon showing of good cause beyond the control of counsel in the exercise of due diligence. See L.R. 7.1(b).

All other directives of the Court's Scheduling Order, [R. 19], and February 6, 2026, Order,

[R. 35], remain in effect.

Signed April 27, 2026.



**Signed By:**

_**Edward B. Atkins**_   $\mathcal{EBA}$

**United States Magistrate Judge**