**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRIT OF KENTUCKY**
**NORTHERN DIVISION AT ASHLAND**

| | | |
|---|---|---|
| **EMILY STAKELY,** | ) | |
| | ) | **CASE NO: 0:24-CV-00096- EBA** |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ZAAL VENTURES, INC.,** | ) | |
| | ) | **MAGISTRATE JUDGE:** |
| **Defendant** | ) | **EDWARD B. ATKINS** |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant, Zaal Ventures, Inc. ("Zaal" or "Defendant"), by counsel, objects and responds to Plaintiff's Second Request for Interrogatories as follows:

**INTERROGATORIES (1—10)**

**Interrogatory No. 1.**

Identify each device (including make, model, phone number, and current location or custodian) used by Lance Zaal, Marcus Sanchez, and Josef Kruger to send or receive text messages and/or calls during the period of June 1, 2023 to July 31, 2023, including: (a) the specific device(s) on which the alleged text message conversation regarding Emily Stakely's termination was originally created; (b) whether each device is still in Lance Zaal, Marcus Sanchez, or Josef Kruger's control; (c) whether each device has been replaced, upgraded, reset, or disposed of since June 2023, and, if so, why and when; (d) the wireless carrier(s) for each device during the relevant period; (e) whether each device was company-owned or personally owned; and (f) the operating system and version running on each device in June 2023 (e.g. iOS 16.5, Android 13, etc.).

**<u>OBJECTION</u>:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant furthers objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing in nature as the information sought is not reasonably calculated or intended to lead to information that is relevant to any claim or defense at issue in this lawsuit. Defendant further objects to this Interrogatory to the extent it seeks information in the possession, custody, or control of Marcus Sanchez, who is no longer affiliated with Zaal.

**<u>RESPONSE</u>:** Subject to and without waiving the foregoing objections, Defendant responds that Mr. Zaal and Mr. Kruger created the screenshots of the text messages referenced in this Interrogatory and provided them to Defendant's counsel for purposes of discovery in this lawsuit.

**<u>Interrogatory No. 2</u>.**

As to any screenshot(s) of text messages between Lance Zaal and Marcus Sanchez concerning Emily Stakely's termination that Defendant has produced or intends to produce: (a) Identify who teach each screenshot (name, title, and relationship to Defendant); (b) state when each screen shot was taken (date and approximate time); (c) State what device was used to take each screenshot; (d) State where each screenshot file is currently stored; (e) State whether the original screenshot file has been modified, edited, cropped, or altered in any way since creation, and if so, describe all such modifications; (f) Identify all persons who have had access to each screenshot file since creation; (g) State whether each screenshot was taken from the native

messaging application or from a cloud backup, archive, or third-party application, and if the latter, identify the specific application or service.

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant furthers objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing in nature as the information sought is not reasonably calculated or intended to lead to information that is relevant to any claim or defense at issue in this lawsuit. Defendant further objects to this Interrogatory to the extent it seeks information in the possession, custody, or control of Marcus Sanchez, who is no longer affiliated with Zaal.

**RESPONSE:** Subject to and without waiving the foregoing objections, Mr. Zaal created the screenshots of the text messages between him and Marcus Sanchez that are referenced in this Interrogatory. Mr. Zaal created the screenshots from his phone and made a single annotation (found on ZV_000279) during discovery in this lawsuit and provided them directly Defendant's counsel.

**Interrogatory No. 3.** For each screenshot of text messages concerning Emily Stakely's termination (as described in Interrogatory No. 2): (a) Describe the complete chain of custody from the moment the screenshot was created to the present, including each person who handled, stored, transmitted, or had access to the file; (b) Identify each storage location (device, server, cloud service, etc.) where the screenshot has been stored; (c) State whether the screenshot was transmitted via email, file transfer service, or other means, and if so, identify all such transmissions including sender, recipient, date, and method; (d) State whether any forensic examination or authentication analysis has been performed on the screenshot, and if so, identify

who performed such examination, when it occurred, and the results; (e) State whether the hash value or other digital fingerprint of the screenshot file has been calculated, and if so, provide the hash value and method used (e.g., MD5, SHA-256).

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing in nature as the information sought is not reasonably calculated or intended to lead to information that is relevant to any claim or defense at issue in this lawsuit. Defendant further objects to this Interrogatory on grounds that if Plaintiff had any concerns about the authenticity or chain of custody of the text messages referenced in this Interrogatory, Plaintiff had the opportunity to raise them during the depositions of Mr. Zaal and/or Mr. Kruger. Defendant further objects to the extent the request seeks information protected by the attorney-client privilege.

**RESPONSE:** Subject to and without waiving the foregoing objections, Mr. Zaal and Mr. Kruger created the screenshots of the text messages referenced in this Interrogatory and provided them to Defendant's counsel for purposes of discovery in this lawsuit. No forensic examination or authentication analysis has been performed on any document.

**Interrogatory No. 4.** Regarding the underlying text message conversation(s) depicted in any screenshot(s) (as described in Interrogatory No. 2): (a) State whether the original text messages still exist on any device or in any backup, archive, cloud storage, or carrier records; (b) If the original text messages no longer exist, state when and how they were deleted, destroyed, or otherwise became unavailable; (c) If the original text messages no longer exist, identify who deleted or destroyed them and state whether this occurred before or after Plaintiff filed this

lawsuit; (d) State whether Defendant attempted to retrieve the original text messages from the wireless carrier, and if so, describe all such attempts and their results; (e) State whether any automatic backup system (e.g., iCloud, Google Drive, Samsung Cloud, carrier cloud backup) would have captured the original text messages, and whether Defendant has attempted to retrieve them from such backup systems.

**<u>OBJECTION</u>:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing in nature as the information sought is not reasonably calculated or intended to lead to information that is relevant to any claim or defense at issue in this lawsuit. Defendant further objects to this Interrogatory on grounds that if Plaintiff had any concerns about the authenticity or chain of custody of the text messages referenced in this Interrogatory, Plaintiff had the opportunity to raise them during the depositions of Mr. Zaal and/or Mr. Kruger.

**<u>RESPONSE</u>:** Subject to and without waiving the foregoing objections, Mr. Zaal and Kruger created the screenshots of the text messages and provided them directly to Defendant's counsel for production. The messages have not been deleted since they were retrieved.

**<u>Interrogatory No. 5</u>.** Regarding any text message conversation between Lance Zaal and Marcus Sanchez concerning Emily Stakely in June-July 2023: (a) State the total number of text messages exchanged between Zaal and Sanchez specifically about Emily Stakely during the period June 1, 2023 through July 31, 2023; (b) For any text messages about Emily Stakely that are NOT depicted in the screenshot(s) produced, state the date, sender, and general subject matter of each such message; (c) State whether any text messages about Emily Stakely were

deleted by Zaal, and if so, when, and why; (d) State whether Defendant has produced screenshots of the ENTIRE text message conversation about Emily Stakely, or only selected portions, and if only selected portions, explain why.

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing in nature.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant has produced all text messages in Mr. Zaal's custody relating to Plaintiff for the time period of the Interrogatory. The documents produced speak for themselves.

**Interrogatory No. 6.** Regarding any text message conversation between Lance Zaal and Josef Kruger concerning Emily Stakely in June-July 2023: (a) State the total number of text messages exchanged between Zaal and Kruger specifically about Emily Stakely during the period June 1, 2023 through July 31, 2023; (b) For any text messages about Emily Stakely that are NOT depicted in the screenshot(s) produced, state the date, sender, and general subject matter of each such message; (c) State whether any text messages about Emily Stakely were deleted by either Zaal or Kruger, and if so, when, by whom, and why; (d) State whether Defendant has produced screenshots of the ENTIRE text message conversation about Emily Stakely, or only selected portions, and if only selected portions, explain why.

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing in nature.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant has produced all text messages in the custody of Mr. Zaal or Mr. Kruger relating to Plaintiff for the time period of the Interrogatory. The documents produced speak for themselves.

**Interrogatory No. 7.** Regarding Marcus Sanchez's employment with Defendant: (a) State his complete employment history with Defendant, including: (1) Start date; (2) End date; (3) Each title or position held; (4) Supervisor(s) for each position; (5) Final salary or compensation; (b) State whether Marcus Sanchez: (1) Resigned voluntarily; (2) Was terminated for cause; (3) Was laid off; (4) Retired; (5) Left under any other circumstances; (c) If he was terminated, state: (1) The exact date of termination; (2) Who made the termination decision; (3) All stated reasons for termination; (4) All actual reasons for termination; (5) Whether the termination was related in any way to the Emily Stakely matter; (d) If he resigned, state: (1) Whether his resignation was requested or demanded by Defendant; (2) Whether he was offered any severance or separation agreement; (3) Whether his resignation was related in any way to the Emily Stakely matter.

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing in nature. Defendant further objects to this Interrogatory to the extent it seeks information in the possession, custody, or control of Marcus Sanchez, who is no longer affiliated with Zaal.

**RESPONSE:** Subject to and without waiving the foregoing objections, Mr. Sanchez was Zaal's Human Resources Director during the time relevant to Plaintiff's claims. Mr. Sanchez was terminated around August 2024, and his termination was not related to Plaintiff. Mr. Sanchez

was terminated for a variety of reasons, including not doing his job, not working, being rude and unprofessional to staff including me, asking for personal loans and then not paying them, and an outburst he had.

**Interrogatory No. 8.** If Marcus Sanchez signed any separation agreement, settlement agreement, release, non-disclosure agreement, or similar document in connection with his departure from Defendant: (a) State the date of such agreement(s); (b) Identify all parties to such agreement(s); (c) State the total monetary consideration paid to Marcus Sanchez in connection with his departure, including severance pay, bonuses, payment for unused time off, and any other compensation.

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing in nature. Defendant further objects to this Interrogatory to the extent it seeks information in the possession, custody, or control of Marcus Sanchez, who is no longer affiliated with Zaal.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant did not enter an agreement with Sanchez upon his separation. Defendant will not provide information responsive to this Interrogatory.

**Interrogatory No. 9.** State all information Defendant possesses regarding Marcus Sanchez's current and last known whereabouts and contact information, including: (a) Current address(es), including residential and business addresses; (b) Current phone number(s); (c) Current email address(es); (d) Current employer, if known; (e) Last known contact with Marcus Sanchez

by anyone affiliated with Defendant, including date and nature of contact; (f) Whether Defendant has attempted to locate Marcus Sanchez for purposes of this litigation, and if so, describe all such efforts and their results; (g) Last known address(es), including residential and business addresses; (h) Last known phone number(s); (i) Last known employer.

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing in nature. Defendant further objects to this Interrogatory as duplicative of other requests. Defendant further objects to this Interrogatory to the extent it seeks information in the possession, custody, or control of Marcus Sanchez, who is no longer affiliated with Zaal.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant has provided Plaintiff with all information in its possession regarding Mr. Sanchez's contact information. Defendant has not attempted to contract Mr. Sanchez for any purpose for this litigation.

**Interrogatory No. 10.** Identify all text message communications between the following persons during May 1, 2023 through July 31, 2023 concerning Emily Stakely's classification, performance, termination, or the June 27, 2023 meeting: (a) Lance Zaal and Marcus Sanchez; (b) Josef Kruger and Marcus Sanchez; (c) Lance Zaal and Josef Kruger.

For each such communication, state: (1) Date; (2) Sender and recipient(s); (3) Whether the original message still exists; (4) Whether a screenshot or other copy exists; and (5) General subject matter.

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing in nature. Defendant further objects to this Interrogatory to the extent that it is duplicative of other Interrogatories and documents produced in this litigation. Defendant further objects to this Interrogatory to the extent it seeks information in the possession, custody, or control of Marcus Sanchez, who is no longer affiliated with Zaal.

**RESPONSE:** Subject to and without waiving the foregoing objections, all documents referenced in this Interrogatory have been produced in this litigation. Those documents speak for themselves.

**VERIFICATION**

The undersigned states that he/she has read the foregoing Responses, and the Responses are complete and true to the best of his/her knowledge and belief.

______________________________
**SIGNATURE OF REPRESENTATIVE**

______________________________
**NAME (PRINTED)**

______________________________
**TITLE**

**CERTIFICATE OF SERVICE**

I hereby certify that this 14th day of May, 2026, I emailed a copy of the foregoing Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories to the following:

Erica F. Blankenship
Ziegler & Schneider, PSC
541 Buttermilk Pike, Suite 500PO Box 175710
Covington, KY 41017
efblankenship@zslaw.com

*/s/Frederick H. Schutt*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRIT OF KENTUCKY**
**NORTHERN DIVISION AT ASHLAND**

| | | |
|---|---|---|
| **EMILY STAKELY,** | ) | |
| | ) | **CASE NO: 0:24-CV-00096- EBA** |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ZAAL VENTURES, INC.,** | ) | |
| | ) | **MAGISTRATE JUDGE:** |
| **Defendant** | ) | **EDWARD B. ATKINS** |

---

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, Zaal Ventures, Inc. ("Zaal" or "Defendant"), by counsel, objects and responds to Plaintiff's Second Set of Requests for Production of Documents as follows:

**REQUESTS FOR PRODUCTION OF DOCUMENTS (1-11)**

**Request for Production of Documents (RPD) No. 1.** Produce all screenshot(s) depicting text message conversations between Lance Zaal and Marcus Sanchez concerning Emily Stakely, between April 1, 2023 and July 31, 2023 in native file format with all metadata intact, including but not limited to: (a) The original screenshot file(s) as first created on the device; (b) Any modified, edited, cropped, or altered versions of such screenshot(s); (c) Any backup copies of such screenshot(s) stored on any device, server, cloud service, or other storage location; (d) The complete file directory path and filename for each screenshot; (e) All metadata associated with each screenshot file, including but not limited to: (1) File creation date and time; (2) File modification date(s) and time(s); (3) Device or camera used to create the file; (4) GPS/location data; (5) File size; (6) Image dimensions (pixels); and (7) Any EXIF data or other embedded metadata.

**OBJECTION:** Defendant objects to this Request as overly broad, unduly burdensome and not relevant to any claim or defense at issue in this lawsuit. Defendant objects to this Request as harassing in nature and not intended for any legitimate purpose in this litigation. Defendant further objects to this Request as seeking information that is duplicative of other requests and documents already produced.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will not produce any documents responsive to this Request that have not already been produced in this litigation.

**Request for Production of Documents (RPD) No. 2.** Produce all screenshot(s) depicting text message conversations between Lance Zaal and Josef Kruger concerning Emily Stakely, between April 1, 2023 and July 31, 2023 in native file format with all metadata intact, including but not limited to: (a) The original screenshot file(s) as first created on the device; (b) Any modified, edited, cropped, or altered versions of such screenshot(s); (c) Any backup copies of such screenshot(s) stored on any device, server, cloud service, or other storage location; (d) The complete file directory path and filename for each screenshot; (e) All metadata associated with each screenshot file, including but not limited to: (1) File creation date and time; (2) File modification date(s) and time(s); (3) Device or camera used to create the file; (4) GPS/location data; (5) File size; (6) Image dimensions (pixels); and (7) Any EXIF data or other embedded metadata.

**OBJECTION:** Defendant objects to this Request as overly broad, unduly burdensome and not relevant to any claim or defense at issue in this lawsuit. Defendant objects to this request as harassing in nature and not intended for any legitimate purpose in this litigation. Defendant further

objects to this Request as seeking information that is duplicative of other requests and documents already produced.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will not produce any documents responsive to this Request that have not already been produced in this litigation.

**Request for Production of Documents (RPD) No. 3.** Produce all screenshot(s) depicting text message conversations between Josef Kruger and Marcus Sanchez concerning Emily Stakely, between April 1, 2023 and July 31, 2023 in native file format with all metadata intact, including but not limited to: (a) The original screenshot file(s) as first created on the device; (b) Any modified, edited, cropped, or altered versions of such screenshot(s); (c) Any backup copies of such screenshot(s) stored on any device, server, cloud service, or other storage location; (d) The complete file directory path and filename for each screenshot; (e) All metadata associated with each screenshot file, including but not limited to: (1) File creation date and time; (2) File modification date(s) and time(s); (3) Device or camera used to create the file; (4) GPS/location data; (5) File size; (6) Image dimensions (pixels); and (7) Any EXIF data or other embedded metadata.

**OBJECTION:** Defendant objects to this Request as overly broad, unduly burdensome and not relevant to any claim or defense at issue in this lawsuit. Defendant objects to this request as harassing in nature and not intended for any legitimate purpose in this litigation. Defendant further objects to this Request as seeking information that is duplicative of other requests and documents already produced.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will not produce any documents responsive to this Request that have not already been produced in this litigation.

**Request for Production of Documents (RPD) No. 4.** Produce the original text messages (not screenshots) between Lance Zaal and Marcus Sanchez concerning Emily Stakely sent or received during April 1, 2023 through July 31, 2023, in forensic extract format preserving all metadata, including: (a) Complete forensic extraction from Lance Zaal's mobile device(s); (b) All text messages from wireless carrier records, if available; (c) All text messages from cloud backup services (iCloud, Google Drive, Samsung Cloud, etc.); (d) All text messages from any archive, backup, or third-party messaging application.

**OBJECTION:** Defendant objects to this Request as overly broad, unduly burdensome and not relevant to any claim or defense at issue in this lawsuit. Defendant objects to this request as harassing in nature and not intended for any legitimate purpose in this litigation. Defendant further objects to this Request as seeking information that is duplicative of other requests and documents already produced.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will not produce any documents responsive to this Request that have not already been produced in this litigation. No forensic extraction of any mobile device has been performed.

**Request for Production of Documents (RPD) No. 5.** Produce all documents concerning the mobile devices used by Lance Zaal and Josef Kruger during June 2023, including: (a) Wireless carrier account records showing device IMEI numbers, phone numbers, and service dates; (b)

Purchase receipts, invoices, or records for each device; (c) Device upgrade or replacement records; (d) Device disposal, trade-in, or destruction records; (e) IT department records of device assignments; (f) Any forensic imaging or backup records for such devices; (g) Any device reset, factory restore, or data wipe records.

**OBJECTION:** Defendant objects to this Request as overly broad, unduly burdensome and not relevant to any claim or defense at issue in this lawsuit. Defendant objects to this request as harassing in nature and not intended for any legitimate purpose in this litigation.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will not produce any documents responsive to this Request. No forensic imaging has been performed on any device.

**Request for Production of Documents (RPD) No. 6.** Produce Marcus Sanchez's complete personnel file, including: (a) Employment application and resume; (b) Offer letter(s) and employment agreement(s); (c) Job descriptions for each position held; (d) Performance evaluations and reviews; (e) Disciplinary records; (f) Compensation records (salary, bonuses, raises); (g) Resignation letter or termination documentation; (h) Exit interview notes or records; (i) All communications regarding his departure; (j) Final paycheck and benefits termination records.

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, and harassing in nature as the documents sought are not reasonably calculated or intended to lead to information that is relevant to any claim or defense at issue in this lawsuit.

**<u>RESPONSE</u>:** Subject to and without waiving the foregoing objections, Defendant will not produce any documents responsive to this Request.

**<u>Request for Production of Documents (RPD) No. 7</u>.** Produce all agreements signed by Marcus Sanchez in connection with his departure from Defendant's employment, including: (a) Separation agreement(s); (b) Settlement agreement(s); (c) Release of claims; (d) Non-disclosure agreement(s); (e) Non-disparagement agreement(s); (f) Confidentiality agreement(s); (g) Any amendments or modifications to any such agreements; (h) All communications (emails, letters, texts) negotiating or discussing such agreements.

**<u>OBJECTION</u>:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, and harassing in nature as the documents sought are not reasonably calculated or intended to lead to information that is relevant to any claim or defense at issue in this lawsuit.

**<u>RESPONSE</u>:** Subject to and without waiving the foregoing objections, Defendant will not produce any documents responsive to this Request.

**<u>Request for Production of Documents (RPD) No. 8</u>.** Produce all communications to, from, or concerning Marcus Sanchez regarding: (a) Emily Stakely's employment, classification, performance, or termination; (b) The June 27, 2023 meeting with Emily Stakely; (c) Emily Stakely's questions or concerns about worker classification; (d) The decision to terminate Emily Stakely; (e) This lawsuit; and (f) Marcus Sanchez's potential testimony or cooperation in this lawsuit.

**<u>OBJECTION</u>:** Defendant objects to this Request as duplicative of prior requests. Defendant objects to this Request to the extent is seeks documents that may be in the possession, custody, or control of Mr. Sanchez, who is no longer affiliated with Zaal.

**<u>RESPONSE</u>:** Subject to and without waiving the foregoing objections, Defendant has not identified any documents responsive to this Request that have not already been produced in this litigation. Defendant has not attempted to contact Marcus Sanchez for any purpose for this litigation.

**<u>Request for Production of Documents (RPD) No. 9</u>.** Produce all non-privileged documents relating to any efforts to locate Marcus Sanchez or obtain his current contact information, including: (a) Skip trace reports or investigative reports; (b) Subpoenas or requests for information sent to third parties; (c) Emails or correspondence with persons who might know his location; (d) LinkedIn, Facebook, or other social media research; (e) Communications with his last known employer or associates; (f) Any declaration or affidavit regarding inability to locate Marcus Sanchez.

**<u>OBJECTION</u>:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, and harassing in nature as the documents sought are not reasonably calculated or intended to lead to information that is relevant to any claim or defense at issue in this lawsuit.

**<u>RESPONSE</u>:** Subject to and without waiving the foregoing objections, Defendant will not produce any documents responsive to this Request. Defendant has not attempted to locate Marcus Sanchez or obtain information from him in connection with this litigation and does not

have documents responsive to this Request. Defendant has provided Plaintiff with the latest contact information it has for Marcus Sanchez.

**Request for Production of Documents (RPD) No. 10.** Produce all documents concerning the decision to immediately cut off Emily Stakely's access to company systems after the June 27, 2023 meeting, including: (a) Communications authorizing access termination; (b) IT tickets or work orders to disable accounts; (c) Logs showing when each account/system was disabled; (d) Communications explaining why immediate access termination was necessary; (e) Any company policy regarding access termination for independent contractors; (f) Any communications discussing concerns about Emily Stakely communicating with other workers.

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, and harassing in nature as the documents sought are not reasonably calculated or intended to lead to information that is relevant to any claim or defense at issue in this lawsuit.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will not produce any documents responsive to this Request.

**Request for Production of Documents (RPD) No. 11.** Produce all documents concerning any other person classified as an independent contractor who: (a) Questioned their worker classification; (b) Mentioned consulting an attorney about employment issues; (c) Mentioned contacting the IRS or Department of Labor; (d) Was terminated within 30 days of raising concerns about classification, wages, or working conditions; or (e) Was terminated for allegedly "recording" a meeting.

**OBJECTION:** Defendant objects to the extent the request seeks irrelevant information not proportional to the needs of the case. Defendant further objects to this Request to the extent it is vague and ambiguous and fails to define the terms "questioned" or "raising concerns." Defendant further objects to this Request to the extent it is overly broad in that it is not limited to any time period. Defendant further objects to this Request to the extent responsive documents are already in Plaintiff's possession, custody, or control. Defendant objects to the extent the request seeks information protected by the attorney work product doctrine and/or the attorney-client privilege.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will not produce any documents responsive to this Request.

**CERTIFICATE OF SERVICE**

I hereby certify that this 13th day of May, 2026, I emailed a copy of the foregoing Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories to the following:

Erica F. Blankenship
Ziegler & Schneider, PSC
541 Buttermilk Pike, Suite 500PO Box 175710
Covington, KY 41017
efblankenship@zslaw.com

*/s/Frederick H. Schutt*